UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Yoko Trapp,

       Plaintiff,

v.                                                     Case No. 15-10742

Ford Motor Company General          Sean F. Cox
Retirement Plan, Ford Motor           United States District Court Judge
Company, and Margaret Trapp,

       Defendants.
_____/

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION,**
**GRANTING MOTION FOR LEAVE TO FILE CROSS-CLAIM, AND**
**SETTING STATUS CONFERENCE**

This matter is before the Court on objections to a Report and Recommendation issued by

Magistrate Judge Mona Majzoub that made recommendations as to summary judgment motions

in this action.  As stated below, the Court finds the objections without merit and shall adopt the

Report and Recommendation.  Thus, the Court shall grant Plaintiff's Motion for Summary

Judgment to the extent that the Court shall award Plaintiff benefits in accordance with the

formula set forth in the Divorce Judgment, and such benefits shall be calculated by an

independent actuary.  The Ford Defendants' Motion for Summary Judgment shall be denied, and

Margaret Trapp's Motion for Summary Judgment shall be granted.

In addition, this matter is also before the Court on the Ford Defendants' Motion for

Leave to File Cross Claim Against Margaret Trapp.  The Court finds that oral argument would

not aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of

1

Michigan.  The Court therefore orders that the motion will be decided upon the briefs.   As set forth below, the motion shall be granted.

The Court shall hold a Status Conference on August 29, 2016, to discuss the calculation of benefits to be performed by an independent actuary and to discuss a scheduling order that will apply to the Ford Defendants' cross claim against Margaret Trapp.

## BACKGROUND

Richard Trapp ("Richard") married his first wife, Defendant Margaret Trapp ("Margaret"), in 1962.  Richard began working at Ford Motor Company ("Ford") in 1964, at which time he joined the Ford Motor Company Retirement Plan ("the Plan").  Richard and Margaret were divorced on April 13, 1988.

In connection with the divorce, the Wayne County Circuit Court issued a Qualified Domestic Relations Order (a "QDRO") and a Divorce Judgment.

The QDRO is found at Docket Entry No. 23-5, page ID 503 though 507).  The QDRO's opening paragraph states that "the clear intent of the parties" is "to effectuate a transfer, and assignment of award" to Margaret of "one-half of all" Richard's "accrued pension benefits *through February 1, 1998* in the Ford Motor Company's Retirement Plan."  (*Id*. at Pg ID 503) (emphasis added).  The QDRO also contains the following three paragraphs:

d.        The Plan will pay benefits to the alternate payee[1] in any form permitted by the Plan which is selected by her, provided that the form she selects does not adversely affect the selection by the participant of form of benefit payment (including *his right to designate a beneficiary other than or in addition to the alternate payee*).

e.        The alternate payee shall be designated as *the* beneficiary of the

---

[1]The QDRO provides that Margaret Trapp is the alternate payee. (QDRO at ¶ 3).

2

Contributory and Non-Contributory Death Benefits provided by the Plan. The alternate payee shall also be designated as the surviving spouse for purposes of the pre-retirement survivor annuity (surviving spouse death benefit) provided by the Plan.

f.     The participant shall elect a benefit form that provides a survivor benefit (surviving spouse option). The survivor benefit shall be *at least fifty (50%) of the benefit* provided to the participant during the participant's life. The participant shall designate the alternate payee as beneficiary of this survivor benefit unless the alternate payee elects to received her benefits in a form which provides a life annuity based on her life . . .

(QDRO at ¶¶ 5(d), (e) and (f) (emphasis added).

The QDRO also states that "[i]t is the parties' intention, and the Order of this Court, that the alternative payee receive a monthly benefit from the Plan of fifty (50%) percent of the participant's monthly accrued benefit under the Plan *as of February 1, 1988.*" (QDRO at ¶ 5(a)(i)) (emphasis added). The QDRO further states that "the parties agree that their mutual intent is to provide the alternative payee with a retirement payment that fairly represents what they have agreed to be her martial share of the participant's accrued retirement benefit as defined in paragraph 5." (QDRO at ¶ 8).

The Divorce Judgment was issued on April 13, 1988, after an "agreement ha[d] been reached as to all of the issues." (D.E. No. 29-2 at Pg ID 764). It included the following:

PENSION

IT IS FURTHER ORDERED AND ADJUDGED that Husband's pension at Ford Motor Company shall be divided equally (50% to each party) between the Defendant/Counter Plaintiff Husband and the Plaintiff/Counter Defendant Wife *as of February 1, 1998, pursuant to the Qualified Domestic Relations Order* ("QDRO") filed simultaneously herewith, said QDRO incorporated herein (but not merged).

IT IS FURTHER ORDERED AND ADJUDGED that as part and provision of said Qualified Domestic Relations Order the Plaintiff/Counter Defendant Wife shall receive any and all benefits of survivorship, early

3

withdrawal, and supplementations to the plan, to which the Defendant/Counter Plaintiff Husband is now, or may hereafter, be entitled to according to the previously mentioned formula.

      IT IS FURTHER ORDERED AND ADJUDGED that the said QDRO shall specifically provide that Defendant/Counter Plaintiff *Husband shall be entitled to any retirement earned after February 1, 1988, exclusive of claim on the part of the Plaintiff/Counter Defendant Wife.*

(*Id*. at Pg ID 771) (emphasis added). Both Margaret and Richard initiated that page.

After his divorce from Margaret, Richard married Yoko Trapp ("Yoko"), on June 10, 1998.

Richard later completed a Beneficiary Designation Form as a contributing member of the Plan, indicating he wanted Yoko named a primary beneficiary with a 100% interest. Richard also provided a form confirming that Yoko is his wife and that he intended to retire on October 1, 2008.

Richard passed away on April 20, 2012. Thereafter, a dispute arose as to any surviving spouse benefits that should be paid to Margaret and Yoko. Ford advised Yoko that she was not entitled to survivor benefits under the Plan. While Yoko was administratively appealing that ruling, Margaret elected to receive her benefits in a lump sum payment of $297,786.90 – which was paid to Margaret.

Thereafter, Yoko filed this suit against the Ford Defendants under ERISA, challenging the decision to award 100% of the surviving spouse benefits to Margaret. Because the disputed benefits had already been paid to Margaret, Yoko also named her as a Defendant and asserted constructive trust and conversion counts against Margaret.

The parties filed summary judgment motions in this action, based on the administrative record. The motions were referred to Magistrate Judge Mona Majzoub.

4

On May 12, 2016, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") wherein she recommends that this Court:

- **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Summary Judgment [29] as follows:
    - Plaintiff's Motion should be GRANTED with regard to the Ford Defendants. The Court should award her benefits in accordance with the formula set forth in the Divorce Judgment as discussed herein; such benefits should be calculated by the Plan's independent actuary.
    - Plaintiff's Motion should be DENIED with regard to Defendant Margaret Trapp.
- **DENY** the Ford Defendants' Motion for Summary Judgment [24]; and
- **GRANT** Defendant Margaret Trapp's Motion for Summary Judgment [26/33]

(R&R at 2) (bolding in original).

In her R&R, Magistrate Judge Majzoub noted that "this matter turns largely on interpretation of the QDRO." (R&R at 8). She noted that a two-step review was appropriate. First, the Court reviews the terms of the QDRO. Second, after determining the correct scope of the QDRO, the Court reviews the administrator's denial of Yoko's claim under the arbitrary and capricious standard. (*Id.*).

Magistrate Judge Majzoub then looked to the QDRO, and found that "the document itself is neither clear nor unambiguous with respect to the amount of surviving spouse benefits to which Margaret Trapp is entitled." (R&R at 11). She explained the basis for that ruling on pages 11 though 13 of the R&R.

After having found the QDRO ambiguous, the magistrate judge considered extrinsic evidence of the parties' intent – the Divorce Judgment. (R&R at 13). The magistrate judge concluded that "[w]hen read together, the unmistakeable intent of Richard Trapp and Margaret Trapp at the time of their divorce was for Margaret Trapp to receive 50% of the benefits accrued

5

though the time of their divorce." (*Id.*).  The magistrate judge then concluded:

> As such, the Ford Defendants erred when they determined that Margaret Trapp
> was entitled to all of the surviving-spouse benefits under the Plan.  Therefore, the
> Court should grant Plaintiff Yoko Trapp's Motion for Summary Judgment in part
> with regard to the Ford Defendants and should award her benefits in accordance
> with the formula set forth in the Divorce Judgment.  The Court should deny the
> Ford Defendants' Motion for Summary Judgment.  As contemplated by
> Manufacturer's Bank through its May 26, 1989, letter to Richard Trapp, Yoko
> Trapp's benefits should be calculated by the Plan's independent actuary.

(*Id.*).

Thereafter, Plaintiff filed objections to the R&R.  (D.E. No. 43).  The objections made by

Plaintiff, however, are only made in the event that the Court does not adopt the R&R as written.

The Ford Defendants also filed objections, to which Plaintiff responded.  (D.E. Nos. 41, 44, &

46).  Trapp did not file any objections to the R&R.

In addition, on June 6, 2016, the Ford Defendants filed a Motion for Leave to File Cross

Claim Against Margaret Trapp.  (D.E. No. 47).

## ANALYSIS

### I.    The Court Rejects The Ford Defendants' Objections And Adopts The R&R.

In their objections, the Ford Defendants criticize the magistrate's description of

paragraph 5(f) as the "central provision" in the QDRO.  In the view of the Ford Defendants'

paragraph 5(e) is the more central provision in the QDRO and, by using the word "the," requires

that 100% of the surviving spouse benefits be paid to Margaret.  In sum, the Ford Defendants

object to the magistrate judge's contract interpretation of the QDRO and her conclusion that it

was appropriate to consider extrinsic evidence because the QDRO is ambiguous with regard to

the amount of surviving spouse benefits.

Having reviewed the QDRO and the R&R, this Court agrees with the magistrate judge's

analysis and her conclusion. Given the nature of the various provisions in the QDRO, the magistrate appropriately considered and applied ordinary principles of contract law, including that: 1) as "with any other contract, the parties' intentions control;" 2) "[t]raditional rules of contract interpretation require a clear manifestation of intent before conferring a benefit or obligation," 3) "[u]nder the cardinal principle of contract interpretation, the intention of the parties, to be gathered from the whole instrument, must prevail;" and 4) when a contract "is ambiguous, a court may consider extrinsic evidence" to determine the intent of the parties. *Tackett v. M&G Polymers USA, LLC*, 811 F.3d 204, 208 (6th Cir. 2016) (citations omitted). And this Court agrees with the magistrate judge that when one considers the express terms of the Divorce Judgment, the "unmistakeable" intent of Richard and Margaret "at the time of their divorce was for Margaret Trapp to receive 50% of the benefits accrued through the time of their divorce." (R&R at 13).

Accordingly, the Court finds the Ford Defendants' objections without merit and shall adopt the R&R.

## II. The Court Shall Grant The Ford Defendants' Motion For Leave To File A Cross Claim Against Margaret.

On June 6, 2016, the Ford Defendants filed a Motion for Leave to File Cross Claim Against Margaret Trapp. (D.E. No. 47). In that motion, the Ford Defendants explain that if the Court adopts the R&R, then they wish to file a cross-claim against Margaret for any portions of the surviving spouse pension benefit that should have been paid by the Plan to Yoko. The Ford Defendants attached their proposed cross claim as Exhibit A to their brief.

Plaintiff filed a response, stating that she does oppose the motion, providing that the Ford Defendants' cross claim does not delay her relief. Specifically, Yoko asks the Court to order the

actuarial calculation without delay.

Margaret filed a response to the motion, stating that she "although not conceding any basis for liability for, or waiving any defenses to, the anticipated cross-claim, does acknowledge the Ford Defendants' right to make such a claim and defers to this Court's sound judicial discretion as to the allowance of such a claim at this late stage of the proceeding." (D.E. No. 51 at 3).

Having reviewed the motion, the responses to it, and in light of the R&R's recommendations and this Court's decision to adopt the R&R, the Court shall grant the motion and allow the Ford Defendants to file a cross claim against Margaret.

**CONCLUSION & ORDER**

The Court hereby **ADOPTS** the May 12, 2016 R&R and **ORDERS** that:

1)     The Ford Defendants' Motion for Summary Judgment (D.E. No. 24) is **DENIED.**

2)     Margaret Trapp's Motion for Summary Judgment (D.E. No. 26 & 33) is **GRANTED** and Plaintiff's claims against her (Counts III and IV of Plaintiff's Amended Complaint) are **DISMISSED.**

3)     Plaintiff's Motion for Summary Judgment (D.E. No. 29) is **GRANTED** to the extent that Plaintiff shall be awarded benefits in accordance with the formula set forth in the Divorce Judgment. The Motion is denied in all other respects.

The Court hereby **ORDERS** the parties to appear for a **Status Conference** in this matter on **August 29, 2016**, at which time the parties should be prepared to discuss the calculation of benefits to be performed by an independent actuary and how that can best be accomplished in a timely manner.

**IT IS FURTHER ORDERED** that the Ford Defendants' Motion for Leave to File Cross

Claim Against Margaret Trapp is **GRANTED**.  The Ford Defendants shall file their cross claim against Margaret Ford within seven (7) days of this Order.

**IT IS FURTHER ORDERED** that, at the August 29, 2016 Status Conference, the parties should be prepared to discuss a new scheduling order that will apply to the Ford Defendants' cross claim against Margaret Trapp.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 10, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2016, by electronic and/or ordinary mail.

S/Shawna Burns
Case Manager

9